UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRUCE MICHAEL ABRAHAMSON,

    Plaintiff,

    v.

MARK ASHCRAFT, *et al.*,

    Defendants.

Case No. 2:23-CV-184-GSL-APR

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss [DE 54] filed on April 8, 2025 by all of the Defendants still remaining in this case. Plaintiff, who is litigating his case without a lawyer, filed a response on April 30, 2025. No reply was filed. Defendants assert that Plaintiff has failed to serve Defendants and ask the Court to dismiss Plaintiff's complaint on that basis. For the reasons below, the Court grants the motion.

This matter is also before the Court on a Motion for Default Judgment Against All Defendants for Failure to Answer the Second Amended Complaint [DE 58] filed by Plaintiff on April 30, 2025. Because the case is being dismissed for failure to serve, the Court denies this motion.

## DISCUSSION

Plaintiff filed his complaint on June 5, 2023. On December 8, 2023, the Court denied a motion for default judgment, noting that Plaintiff had not perfected service upon Defendants as required by Federal Rule of Civil Procerure 4(c). The Court gave Plaintiff until February 12, 2024, to perfect service.

On April 11, 2024, Plaintiff filed documents purporting to be summonses returned executed as to Defendants Mark Ashcraft, Anthony Phipps, Dan Broelmann, and Dustin Anderson. [DE 27] These individuals were "served" at the Munster Town Hall, and addressed care of Dustin Anderson (except for Anderson himself). Plaintiff also submitted a U.S. Postal Service certified mail receipt showing that delivery was completed on February 12, 2024, to "Dustin Anderson, Town Manager & Registered Agent, 1005 Ridge Road, Munster, IN 46321." [DE 26]. The person who signed for this delivery was not Dustin Anderson. In an objection filed April 17, 2024, Defendants state that none of these defendants reside or dwell at the Munster Town Hall and that Dustin Anderson had not been employed by the Town of Munster since February 2, 2024.

Federal Rule of Civil Procedure 4(e) provides that individuals can be served within the United States by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). None of these methods of service were perfected on Defendants.

Individuals can also be served by following state law where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Indiana, the state where both this court is located and service was attempted, allows for service on an individual through:

> (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or
>
> (2) delivering a copy of the summons and complaint to him personally; or

2

    (3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or

    (4) serving his agent as provided by rule, statute or valid agreement.

Ind. Tr. R. 4.1(A). Plaintiff did not successfully serve any of the individual defendants through any of these means.

Under Federal Rule of Civil Procedure 4(m), the Court must dismiss lawsuits without prejudice if the defendants are not served within 90 days of the complaint's filing. There is an exception if a plaintiff shows good cause for failure to serve, but Plaintiff here has not shown good cause and has already received one extension of his deadline to serve Defendants.

## CONCLUSION

Therefore, the Court hereby **GRANTS** the Motion to Dismiss [DE 54] and **DENIES** the Motion for Default Judgment Against All Defendants for Failure to Answer the Second Amended Complaint [DE 58]. This cause of action is **DISMISSED without prejudice** for failure to achieve service on the remaining defendants.

SO ORDERED.

ENTERED: August 21, 2025

                                                    /s/GRETCHEN S. LUND
                                                    Judge
                                                    United States District Court